# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Norman J. and Sharon J.,**
**Petitioners**

**FILED**

May 18, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-1161** (McDowell County 14-A-2)

**Casey A. and Curtis E.,**
**Respondents**

## MEMORANDUM DECISION

Petitioners Norman and Sharon J., by counsel Debra Kilgore, appeal the Circuit Court of McDowell County's October 6, 2014, order setting aside the adoption of T.E.[1] Respondents Casey A. and Curtis E., by counsel Tim Carrico, filed a response in support of the circuit court's order.[2] Petitioners filed a reply. On appeal, petitioners argue that the circuit court erred in setting aside the adoption.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated. This case is remanded to the circuit court with directions to make appropriate findings in accordance with West Virginia § 48-22-704(c).

On February 27, 2014, petitioners filed a petition for adoption alleging that T.E. resided with them for six consecutive months. Petitioners attempted to notify respondents of the adoption proceedings by certified mail. All of petitioners' notices were returned as "unclaimed, unable to forward" or "attempted-not known, unable to forward." In March of 2014, petitioners published notice of the adoption proceedings in Henry County, Virginia for four consecutive weeks prior to the final adoption hearing. Respondents did not attend the final adoption hearing on March 31, 2014. The circuit court found that petitioners cared for T.E. "for a period more than six months." Thereafter, the circuit court entered an order granting the adoption of T.E. by petitioners.

In June of 2014, respondents filed a motion to intervene and to vacate the adoption because they did not receive proper notice of the proceedings. Respondents also argued that T.E. is a resident of Virginia; T.E. was not in petitioners' custody for six months; and fraud by

---

[1]We adhere to our usual practice in cases involving sensitive facts and do not refer to the parties using their full names. *See In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005).

[2]Respondents are T.E.'s biological parents.

1

petitioners. Following a hearing on respondents' motion, the circuit court entered an order setting aside the adoption because respondents were not afforded the statutory thirty-day period in which to appear and defend their rights. *See* W.Va. Code § 48-22-602(e). It is from this order that petitioners appeal.

On appeal, petitioners argue that the circuit court erred in setting aside the adoption because respondents failed to prove by clear and convincing evidence that the adoption was not in the best interest of T.E. We have previously held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Pursuant to West Virginia Code § 48-22-704(c) circuit courts are directed to deny an appeal challenging an adoption by an individual who did not receive proper notice "unless the individual proves by clear and convincing evidence" that the adoption "is not in the best interest of the child." Petitioners concede that respondents were not provided with proper notice of the adoption proceedings. However, the circuit court's order is devoid of any analysis or findings regarding whether the adoption is not in the best interest of T.E. as required by West Virginia Code § 48-22-704(c). As such, the final order provides no factual or legal basis by which this Court can facilitate meaningful review.

For the foregoing reasons, the circuit court's October 6, 2014, order setting aside the adoption of T.E. is vacated, and this matter is remanded with instructions to enter an order with appropriate findings of fact and conclusions of law in accordance with West Virginia Code § 48-22-704(c).

The Clerk is directed to issue the mandate forthwith.

Vacated and remanded with directions.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II